Filed 2/18/15  In re Amanda B. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re AMANDA B., a Person Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAMES B.,<br><br>Defendant and Appellant. | F070283<br><br>(Super. Ct. No. JD131575-00)<br><br>**OPINION** |

### THE COURT*

APPEAL from orders of the Superior Court of Kern County.  William D. Palmer, Judge.

Karen J. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Gomes, P.J., Poochigian, J., and Peña, J.

James B. (father) appealed from a September 2014 order terminating parental rights (Welf. & Inst. Code, § 366.26) to one-year-old Amanda B.[1]  After reviewing the entire record, father's court-appointed appellate counsel informed this court she could find no arguable issues to raise on father's behalf.  Counsel requested and this court granted leave for father to personally file a letter setting forth a good cause showing that an arguable issue of reversible error did exist.  (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844.)

Father has submitted a letter in which he complains he would not be "in this situation" were he not indigent and had he not had to rely on a court-appointed attorney in the trial court.  According to father, he did nothing wrong to warrant losing his parental rights and this was a "clear violation of [his due process] rights."

Father's letter otherwise neither addresses the termination proceedings nor sets forth a good cause showing that any arguable issue of reversible error at the termination hearing does exist.  (*In re Phoenix H., supra,* 47 Cal.4th at p. 844.)  We will dismiss the appeal.

## PROCEDURAL AND FACTUAL SUMMARY

In November 2013, the juvenile court adjudged father's infant daughter a juvenile dependent and ordered her removed from the physical custody of both parents.  The mother, who had a history of substance abuse, had neglected the child.  Father earlier left Amanda and her mother due to the mother's substance abuse but took no steps to care for the child.  Father later engaged in domestic violence against the mother.  As a result, the court found by clear and convincing evidence that it would be detrimental to place the child with father.

Father did not appeal the juvenile court's November 2013 decision.

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

Despite six months of court-ordered reunification services, each parent failed to participate regularly and make substantive progress. As a result, the juvenile court terminated reunification services and set a section 366.26 hearing to select and implement a permanent plan for Amanda. Neither parent sought writ review of the setting order.

At a September 2014 section 366.26 hearing, father objected to a recommendation that the court terminate parental rights. He spoke to the court regarding his failure to participate in court-ordered reunification services and his current circumstances. He added, "My attorney says it is over and done and there is no chance of appeal and there is no chance of nothing." Father claimed to be hurt and confused.

The court explained to father that it had to look at Amanda's best interest. Having found clear and convincing evidence that Amanda was likely to be adopted, the court terminated parental rights.

**DISCUSSION**

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to an appellant to raise claims of reversible error or other defect and present argument and authority on each point made. If an appellant does not do so, the appeal should be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) Here, father does not raise any claim of error or other defect against the termination order from which he appeals.

Rather, as previously stated, father claims he did nothing wrong to warrant losing his parental rights and that this violated his due process rights. Father overlooks the court's November 2013 dispositional finding, by clear and convincing evidence, that to place Amanda with him would be detrimental and its dispositional order removing the child from his custody, as well as the fact that he did not appeal from that decision. Having failed to appeal from the November 2013 dispositional finding, father has forfeited the opportunity to claim he was blameless in terms of losing custody of the child. (*In re Elizabeth M.* (1991) 232 Cal.App.3d 553, 563.) An appeal from the most

3

recent order entered in a dependency matter may not challenge prior orders for which the statutory time for filing an appeal has passed. (*Ibid.*)

In addition, father failed to participate regularly and make substantive progress in court-ordered services. Given Amanda's young age, father's inaction warranted the juvenile court terminating services and setting the section 366.26 hearing to select and implement a permanent plan for Amanda. (§ 366.21, subd. (e).) Father did not seek writ review of the court's setting order, thereby forfeiting any issues related to reunification efforts. (§ 366.26, subd. (*l*).)

At the section 366.26 hearing, the court's proper focus was on the child to determine whether it was likely she would be adopted and if so, order termination of parental rights. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309.) Once reunification services are ordered terminated, the focus shifts to the needs of the child for permanency and stability. (*Ibid.*) If, as in this case, the child is likely to be adopted, adoption is the norm. Indeed, the court must order adoption and its necessary consequence, termination of parental rights, unless one of the specified circumstances provides a compelling reason for finding that termination of parental rights would be detrimental to the child. (*In re Celine R.* (2003) 31 Cal.4th 45, 53.) Here there was no compelling reason.

Last, as to father's conclusory claim that his due process rights were violated, we observe the bare mention of a due process claim on appeal does not merit a reviewing court's consideration. (*People v. Wharton* (1991) 53 Cal.3d 522, 563.)

**DISPOSITION**

This appeal is dismissed.

4